Very treasured colleague and a friend and a neighbor for volunteering to sit with us today, and we appreciate his services I made a mistake of saying I had not sat with Judge O'Neill before, I know I've never sat with Judge Dover before And I'm looking forward to the opportunity to do it today Ready? Good morning, Your Honors, my name is Amy Kubishek of the law firm of Jerome W. Kiger, Attorneys at Law I represent the appellant, Nicole Gardner, she's the assignee of Kevin Harper, who's the insured of State Farm This is a case that was dismissed on summary judgment by Judge Lancaster in the Western District of Pennsylvania We also filed a cross motion for summary judgment that was denied in its entirety This is a coverage issue on whether the occasional basis exception to the rental exclusion of a homeowner's policy was ambiguous That's part of it, but let me, I always like to kind of take the easy way, and I know that was the issue that was decided below Let's look at the insured premises part of the policy, because both things were argued below And the district court decided that the occasional basis exclusion to the exclusion kicked in and didn't get to the insured premises But how would the property at issue here on 1803 Soul Street, given the leasing history of that property How would it constitute the, I think it's called the insured premises, I may be misstating that Under the policy which is excluded from the coverage Well it would be, it would remain the insured location in the resident premises because Mr. Harper had close contact with the property He had But he didn't live there, and why is it not like the Manrose case where Excuse me your honor Why is it not like the Manrose case where the fact that there were some articles of personal clothing retained there The person there came and went, occasionally slept there, but that wasn't really the insured premises in that case I guess it was the grandmother's apartment within the district court It wasn't really the place where the court said the defendant resided Why shouldn't we look at this the same way, having this property being rented out for a period of 11 months consistently Why shouldn't we say that this was no longer the rental location Well I think you have to also look at it in conjunction with the occasional basis exception Because in that case, if it was done on an occasional basis, then the wording of the exception It remains the residence and the insured location of the insured And therefore it cannot be used as a fallback position is what I've called it Well but there are two separate, one's an exclusion and one's an exclusion to the exclusion But in either event, you have to satisfy, if your coverage drops through either hole, it's gone And I'm not sure that one operates to enhance or decorbrate the other And I'm looking at, the Supreme Court's never ruled on this in Pennsylvania But they did say in a residence hearing before the Board of School Directors case They talked about what constitutes a residence Now there it was statutory interpretation under the IDEA, it wasn't a policy of insurance But then after that, the Superior Court looked at the in-residence case in Manrose In interpreting language in an insurance policy And tried to determine what rental location for residence meant And they said very clearly there that the person is not living there Even though they might have some things there that they maintain there out of convenience Which was their phrase It's not within the rental location language of the policy And therefore it drops through that second hole of coverage What's wrong, other than the fact that you would lose if we did that What's wrong with looking at the case like that? Well I think, I believe that in this case that there's more facts to show that he was a resident He came in, he came into the property whenever he wanted Using a key, without the permission of Ms. Gardner He would come upstairs, Ms. Gardner testified that he told her that it was his place And he'd come and go as he pleased in her deposition So I believe that there's factual distinctions that would at least create factual issues Residence is not a question of intent, it's a question of fact and a question of logic So even if he may have thought it was his residence or his rental location He may have been wrong in that The same way that the parents were wrong in residence When they maintained a property that they used on the weekends and on vacations But they rented a townhouse in another county that they resided in during the course of the week And the Supreme Court said, well you know, it's that townhouse that you rent during the course of the week Not the one you go back to, which in reality is really your home But you're not treating it as such, therefore it's not the location Again, under a statute, not under contract of insurance But the inquiry, the analysis seems to be the same Well I would just again state that the issues and the facts show a closer connection to the property From Mr. Harper to the property And also that under Gallatin Fuels of the 3rd Circuit That if we've also alleged a bad faith claim And Gallatin Fuels says that the bad faith is not dependent upon the coverage issue And the breach of contract That if you allege other acts of bad faith, that that bad faith claim can still go forward And we've done that in this case We've alleged that State Farm's investigation was inadequate They did not ask the correct questions to determine whether the property was Either rented on an occasional basis, nor whether it was an insured location What should they have asked? And I'll get back to your first argument What should they have asked that they didn't ask to determine whether or not it's an occasional basis exclusion to the exclusion? Well they should have asked They should have asked who the utility bills were I've presented to the trial court and I've attached it to my appendix I've provided an expert report from a bad faith expert, Barbara Scotty Who provided issues of questions that they should have asked them They should have asked about Well the utility bills apparently should have been switched and they weren't switched Only because of the tenant's neglect or inadvertence But wasn't it the owner's position that utility bills were to be switched out of the owner's name and into the tenant's name? I believe that's the case I believe you're right So then how would that have helped you? Wouldn't that be more consistent with a rental on an occasional basis than not? Had they asked about the utility bills? Well that would have contributed to whether he was a resident or not His intention to return He did in fact return to the property by the time But it would have hurt you Because his intention to return would have been mitigated If there was evidence showing that the utility bills were supposed to be switched from his name to the tenant's name I'm not sure that would have advanced your cause Well that wasn't clear I mean it was in the utility bills It wasn't clear when the adjuster asked that That was something I believe that Mr. Harper provided to him without a question And without a specific question on whether the utilities were in his name or not The other things have to do with whether they had a key Where does he consider his permanent residence? Where does he receive mail? He received mail throughout the time of the rental to the gardener She would give it to him or he would pick it up on the many times that he would go to the property So there's at least an issue of fact you're saying? Yes definitely an issue of fact that should have been decided by a jury in this case Council State Farm asserts in its papers that this matter should have been dismissed as void of an issue Asserting and arguing that it was an unauthorized lawsuit Brought in the name of a client who really wasn't plaintiff's counsel's client at the time What's your response to that? My first response is that State Farm doesn't have standing to bring that issue Kevin Harper never protested to the filing of the lawsuit And within two and a half months time he had assigned his rights to Ms. Gardner And then after that point the lawsuit was served under the three month service of process rules under Pennsylvania But State Farm is the defendant how could they not have standing to complain about who the plaintiff is? Because Kevin Harper is the one that should have Well he could complain but they can complain too can't they? Well it's a moot point also because we filed a subsequent action on 4807 And we filed an action Ms. Gardner versus State Farm for any claims that may still be open after this case is resolved But doesn't it implicate the statute of limitations? Well that's what they've for the two year there are also four year statutes of limitation claims We have a contractual bad faith claim that is governed by the four year statute of limitations and also breach of contract The unfair practices act is a six year statute So there would be claims if you would find that the two year statute of limitation was not fulfilled then we would still have claims open Which lawsuit do you want us to look at with respect to the statute of limitations issues? The first one or the second? Well I don't believe that the statute of limitations was I believe that we've met the statute of limitations in both cases So it's just because State Farm has filed a claim that it should be voided as a precaution we filed the subsequent case in the Western District For statute of limitations purposes which date do you want us to consider? Well I believe The date of the filing of the first lawsuit or the date of the filing of the second lawsuit? Well I think that you have to look at both because State Farm we're asserting that the statute of limitations we met the statute by filing it on 4805 The two year statute of limitations We argue that any name change it was a technical issue and we in December of 05 we filed a motion to amend the caption And that should relate back to the 4805 plus there's also issues of fact concerning the statute of limitations whether Mr. Harper received the letter or not And whether that letter is in fact does trigger the statute of limitations I see I'm out of time I've reserved four minutes Thank you Good morning my name is Leon Sherman I represent State Farm Fire and Casualty Company Most of what I would have to say is said in my brief I'd be happy to answer questions or to go forward if the court would rather I make a presentation We first started by arguing that the case should be void ab initio because of the impropriety of the manner in which the suit was filed It was filed without authorization We call it a champerty I'm not sure it meets the exact definition it may be a little worse because the people who filed it were even more removed than a champerty case But we're also mindful of the fact that this court It doesn't have the flavor of champerty which I must confess to I don't know if I heard it in law school or not but I wasn't aware of the concept It's old Boy it's out there Yeah it's out there But it's really not that kind of a case is it? Your honor I didn't know what to do and I wanted to find a label I was deeply troubled Yeah if you were writing some words you knew we wouldn't know anything about No no no it didn't do that although there's a judge named Doyle in Pittsburgh who used to do that sort of thing to us all the time in the early years But the fact of the matter is that the impropriety of a lawyer going out and filing a suit in the name of a client he doesn't have In fact at the time that the suit was filed they represented a client against him who had a judgment And the judgment wasn't even liquidated and they didn't have an assignment So our position was initially and still is that this court could void the lawsuit ab initio like the fruit of a poisonous tree But obviously we weren't going to hang our hat on that because as the court below pointed out and I think it's a point that I wouldn't take too much issue with That once they got the assignment we should consider the case as maybe validated as of that date but only as of that date Now the assignment wasn't obtained until late June of 2005 more than two years after the denial letter was sent So that if you accepted the idea that the case became vitalized when the assignment was executed Then they've blown the statute of limitations the two year statute on both the bad faith claim and the negligence claim Even if there were a factual predicate or basis to support either of those claims which we contend there is not Now we argued at length in the brief and I'd be glad to restate it The reasons why these two exclusions which Judge McKee properly pointed out are complementary They're not mutually exclusive either one could trump coverage and either one did So that there was no coverage under this case I'm sorry under the facts of this case The no coverage information or evidence if you will was obtained by statements taken long before the suit was filed And the coverage decision was based on both the plaintiff Harper I'm sorry the plaintiff Gardner and the insured himself Harper Saying that he didn't live there and that this was leased to Ms. Gardner And therefore there's no coverage under either one of those exclusions For that reason because there wasn't any coverage there's nothing to do when the suit was filed They didn't defend because there was no question there was no coverage And as I point out in my brief the usual four corners proposition that most courts adopt Is a shorthand way of saying that we embrace catawoliter Which says that if you don't defend you better have a good reason and you better have a basis In fact as I pointed out in my brief in the bomb hammers case which I put in our appendix The trial court which is the only case that had a situation where somebody knew That the person wouldn't be entitled to a defense even though the complaint alleged facts That would theoretically meet the four corners test to create an obligation to defend And in that case the court ruled that the bomb hammers the murderer was not entitled to defense Ironically in one case that was cited by the appellant Charter Oaks The same situation occurred kind of an interesting way there was a request for a defense While the case was pending that they wanted a defense And in other words the case had been going on for a while And then they asked for a defense and the defense was denied And the court in Charter Oaks their case that they cited in their brief Said well by that time there was no question there was no coverage So the bottom line was that there's no duty to defend there's no coverage There's no reason to do anything except deny coverage which they did And also in addition to the denial being appropriate for bad faith purposes It's also appropriate for contract purposes as long as long I'm sorry Along with the statute of limitations defense on the negligence and bad faith claims On the negligence claim you also have the gist of the action defense Which says that since this claim of negligence was really born out of the contract And doesn't stand independently There's no cause of action for negligence in the first place Then you have the statute of limitations defense on negligence Then you have the facts same thing with bad faith You have a statute of limitations defense you have no bad faith You can go right down the list of every one of their claims And every one of them is met by the fact that the underlying evidence in the case Proves that there's no cause of action for breach of contract Unfair trade practices violation of good faith and fair dealing or anything else I'm a little ahead of myself so if the court has any questions I'd be happy to entertain them Otherwise I'll sit down Thank you Good morning again I'd like to address the duty to defend issue What the court did not do at the district level Was to look at what State Farm knew in August 2004 When they received a copy of the complaint that I sent to them The statement it goes back to the statements that they took in 2003 March of 2003 Not being sufficient enough to determine whether the occasional basis exception To the rental exclusion applied or whether well in that in that case The insured location exclusion was not brought up until that time So you have to go back to the time of the original investigation Of not being adequate and not being sufficient State Farm we've alleged they looked to deny this from the start They didn't look to afford coverage They did not do any None of the adjusters did any legal research They did not assign it to an attorney to review it Once they got the complaint they did not again get an attorney opinion letter They did not file a declaratory judgment action They waited until the case was a default judgment was granted And then damages were liquidated of over 1.6 million dollars in this case And so therefore you have to look at what they knew in August 2004 And what did they know What's the term of the policy I know that the premiums are escrowed Do you know offhand the term of the policy The time period the one year I believe it was March to March I believe March 15th of 2002 to March 15th of 2003 And the fall occurred when The fall occurred in August August 29th 2002 Okay so at the time of the fall During the term of the then current policy The owner had never resided in that house Is that right Never During the time of the policy It's a yearly automatically renewing policy It goes from March to March So it began in March of the relevant year The fall occurs in the following August From March to August The owner of the property had never lived in the property From that on 2002 Right That's correct But he did just move out as of The definitions of the policy apply to the term of the policy right We don't I believe that's correct You have to see what the situation was during the policy term Which was March to March correct I believe I'm not sure if it was February to February or March to March That's not clear to me Let's assume it was February It was February to February or March to March In either event the owner had never resided During the term of that one year policy I believe he moved out when they moved in On March 1st March 1st March 1st He lived there Mostly he was there for 4 weeks Assume that it begins February 1 Right He was there for 4 weeks Yes at the most Correct And then the gardeners moved in And continued in there up until the time of the accident And the insurance adjusters knew that when they went out to investigate him Assuming that they knew that So all they know is that they've got this occasional basis exclusion To the exclusion of coverage And they find that Let me back up Why shouldn't they look at this as a rental property At least during the term of the policy And maybe even beyond this Why wasn't this simply a property that was a rental property That had If it had ever been the residence It had ceased being the residence And was converted to a rental property And the rental would have appeared to be something other than On an occasional basis It's not a situation where you rent your place down at the shore on the weekends And leave there during the week I believe it was on an occasional basis Not during the term of this policy I don't believe that that The property was continuously rented during the term of the policy But I don't believe that a continuous I don't believe that a continuous That it can't not be occasional at that point You have to look at other things other than In the last 10 years Well, that's not what happened here You have to look at the specific facts of this case And in this case He rented it on a specific particular occasion To get caught up on the mortgage He had just paid a large payment He To To Get out of foreclosure He was using it as an income producing property The income he was generating was going to pay off the mortgage But he was using the property as an income producing property Which clearly the policy is saying We're going to pay for income producing property under this homeowners But he did it on an occasional basis It's an ambiguous It's an ambiguous policy term That State Farm could have Specifically defined And put it out of This case wouldn't be here if they had defined it They've had years of litigation on this particular Exclusion Exception to an exclusion And they have not defined it under their policy And I'm out of time Okay Thank you Take them under under advisement We thank also for your argument